

**SIGNED this 21st day of August, 2013.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-11933-TMD |
| | § | |
| RONNY R. ST. LOUIS | § | CHAPTER 11 |
| JULI M. ST. LOUIS | § | |
|     Debtors. | § | |

### MEMORANDUM OPINION

The easy cases require the Court to rule where one party or the other deserves to win. The hard cases require the Court to rule where both parties arguably deserve to win. This case requires the Court to rule where both parties arguably deserve to lose.

Before the Court is the Motion for Reconsideration of Order Granting Objection to Claim Pursuant to 11 U.S.C. § 502(j), Bankruptcy Rule 3008, Rule 60 of the Federal Rules of Civil Procedure, and Bankruptcy Rule 9024 (the "Motion for Reconsideration") [Dkt No. 142], filed on May 24, 2013 by Deutsche Bank National Company as Trustee for the Certificate holders of the First Franklin Mortgage Loan Trust 2005-FF4, Asset-Backed Certificates, Series 2005-FF4, its assignees and/or successors in interest ("Deutsche Bank.") The Court conducted a hearing on the Motion for Reconsideration

1

on July 8, 2013 ("the Hearing") and, at the conclusion of the Hearing, asked the parties to file post-hearing briefs. The Court has considered the history of this case, the pleadings, the evidence and arguments presented at the Hearing, and the relevant case law. For the reasons stated in this Memorandum Opinion, the Court will GRANT the Motion for Reconsideration.

**I.  FACTS**

Nearly four years ago, Ronny and Juli St. Louis (the "Debtors") filed a case under Chapter 13 of the bankruptcy code, case number 09-12823. That case was converted to a case under Chapter 11 on December 2, 2009, and dismissed on June 15, 2010 for failure to file monthly operating reports. On July 12, 2010, approximately one month later, the Debtors filed this case under Chapter 11 without the required schedules and statements. More than a month later, the Debtors filed their schedules and statements. On Schedule D, the Debtors listed two debts secured by liens on property located at 1189 Great Falls Avenue, NW, Port Charlotte, FL that are in favor of First Franklin Loan Services c/o Home Loan Servicing ("Home Loan"). The first claim is scheduled in the amount of $165,000. The second claim is scheduled at $45,000. The Debtors did not mark these claims as disputed.

In September 2010, Home Loan, as mortgage servicer, filed two claims on behalf of "First Franklin Financial Corporation, its successors and/or assigns." The first claim, number 23, is for $47,155.22. The second claim, number 24, is for $201,968.45. Both claims were filed by Deanna L. Longo on behalf of Home Loan and indicate that payment should be sent to Home Loan at Home Loan Services, Inc. c/o Home Loan Services, Inc. PA9-150-01-01, 150 Allegheny Center, Pittsburgh, PA 15212 and that

notices should be sent to Balcom Law Firm, PC, 8584 Katy Freeway, Ste 305, Houston, Texas 77024.

On September 17, 2010, Deanna L. Longo on behalf of Deutsche Bank appeared in the bankruptcy case by filing a Motion for Relief from Stay. In the Motion for Relief from Stay, Deutsche Bank asserted that the Debtors had defaulted on their payments and that it lacked adequate protection [Dkt No. 36]. On October 7, 2010, the Debtors filed a response that asked for proof that Deutsche Bank was the actual owner and holder of the debt and offered to make payments of $536.82 in escrow until ownership of the debt was determined [Dkt No. 42]. The docket does not reflect that a hearing on the Motion for Relief from Stay was ever held, no order on the Motion was entered, and there is no evidence that the Debtors set up the escrow.

On November 17, 2010, the United States Trustee (the "UST") filed a motion that sought dismissal of the case with prejudice because the Debtors failed to file a plan of reorganization within the 120 day exclusivity period, failed to pay their UST fees, and failed to file required monthly operating reports. The Debtors then filed a monthly operating report and a response to the Motion to Dismiss that asked for additional time to file a plan. On December 31, 2010, the Debtors filed their Plan and Disclosure Statement [Dkt Nos. 62, 63] and filed an Amended Chapter 11 Plan and an Amended Disclosure Statement on February 7, 2011 [Dkt Nos. 75, 76]. The Amended Plan treated the First Franklin claim in Class 10 as follows:

> 4.10.02 The Debtor shall have twenty-eight (28) days from the Effective Date to object to the claim of Deutsche Bank National Trust Company . . . . If the Debtor fails to object to the claim of Deutsche Bank, then Deutsche Bank shall be confirmed as the holder of the Class 10 Claim. If the Debtor does object to the Class 10 creditor, then the holder of the claim shall be determined by court order.

3

4.10.03    The Class 10 Creditor shall receive either Option A, Option B or Option C as set forth below.

4.10.04    In the event that the Court allows the Class 10 claim and the Class 10 creditor votes to accept Option A or does not vote, the Class 10 creditor shall receive Option A. Under Option A, the Allowed Secured Claim of the Class 10 creditor shall be fixed at $100,000. The balance of the claim shall be a Class 17 unsecured claim. Under Option A, the Class 10 creditor shall receive 180 equal monthly installments in the amount of $536.82 based on a 360 month amortization and a 5% rate of interest with a balloon payment due after the conclusion of 180 months.

4.10.05    In the event that the Court allows the Class 10 claim and the Class 10 creditor votes to accept Option B or votes to reject the Plan, the Class 11 [sic] Creditor shall receive Option B in which the property secured by the Class 10 Claim shall be surrendered to the Class 11 [sic] creditor in full and final satisfaction of the Class 10 Claim.

4.10.06    In the event that the Court denies the Class 10 Claim, the mortgage against 1189 Great Falls shall be deemed satisfied and released.

4.10.07    The Class 10 creditor shall retain its liens until its Allowed Secured Claim has been satisfied unless its claim is denied.

On March 4, 2011, Cassandra J. Richey, on behalf of Deutsche Bank, filed a ballot and voted to accept the plan [Dkt No. 159-4]. The Court held a confirmation hearing and a hearing on the UST's Motion to Dismiss on March 14, 2011. At the hearing, the Court confirmed the Debtor's plan, which rendered the UST's motion moot.

On June 1, 2011, the Debtors timely filed their Objection to Claim of Home Loan Services as Mortgage Servicer (Claims 23 and 24) (the "<u>Objection</u>") with 21-day negative notice language [Dkt No. 98]. In their objection, the Debtors asked the Court to "deny" the claims because "the claims were filed by a party who did not demonstrate its authority to file the claim and because the claims do not establish that the purported claimant is the owner and holder of the claims." Significantly, the Objection did not

4

request that the Court cancel or release the liens on the property. The Certificate of Service for the Objection indicated that the Debtors served:

    a. Deanna Longo, Balcom Law Firm, P.C., at West Memorial Park, 8584 Katy Freeway, suite 305, Houston, TX 77024;

    b. Home Loan Services, Inc. c/o Home Loan Services, Inc., PA9-150-01-01, at 150 Allegheny Center, Pittsburgh, PA 15212;

    c. First Franklin, at 800 Concourse Parkway, suite 195, Maitland, FL 32751;

    d. First Franklin Financial Corporation, at 2150 North First Street, Suite 100, San Jose, CA 95131;

    e. Juli St. Louis; and the

    f. U.S. Trustee

However, the Debtors did not serve the Objection on Cassandra J. Richey, the attorney who voted to accept the plan. The Debtors also did not attach the proposed form of order as an exhibit to the Objection and there is no indication on the Certificate of Service that the proposed form of order was served with the Objection.

After the negative notice period ran, on July 5, 2011, the Court entered an order granting the Objection (the "Order") because no response was filed [Dkt No. 103]. In addition to denying the claim, as requested by the Objection, the Order states, "The Mortgages upon the Debtors' real property located at 1189 Great Falls Parkway, Port Charlotte, FL are hereby canceled and released." The Bankruptcy Noticing Center mailed the Order to Home Loan and sent the Order electronically to the Debtor [Dkt No. 104]. The Court takes judicial notice that the Court's Notice of Electronic Filing indicates that Deanna L. Longo and Sherrie Stockwell of the Balcom Law Firm were also served the Order electronically [Notice of Electronic Filing Receipt - Dkt No. 103].

Five months later, the UST filed a second Motion to Dismiss that argued the case should be dismissed because the Debtors: (1) failed to pay their UST fees; (2) failed to file post-confirmation reports; and (3) failed to make plan payments in accordance with the terms of their confirmed plan [Dkt No. 123]. In their response to the Motion to Dismiss, the Debtors stated that the fees had been paid and denied that they had failed to comply with the terms of the Amended Plan [Dkt No. 126]. The Debtors also filed several post-confirmation reports.

On February 19, 2013, the Court entered an Agreed Order and found a material default by the Debtors with respect to the Amended Plan. Specifically, the Agreed Order found that the Debtors' failure to make required plan payments, failure to timely file the required reports, and failure to timely pay UST fees was sufficient cause to dismiss or convert the case [Dkt No. 130]. The Agreed Order required the Debtors to: (1) file a comprehensive post-confirmation report; (2) provide bank statements to the UST if requested; (3) modify their plan; (4) remain current on the filing of all future post-confirmation reports; (5) and pay all UST fees. The Agreed Order further allowed to UST to file an Order Dismissing Case if the Debtors failed to comply with the terms of the Agreed Order and stated that the case would then be dismissed without further notice and hearing. Shortly thereafter, the Debtors timely filed their post-confirmation reports and modified plan.

On May 24, 2013, Deutsche Bank filed the subject Motion for Reconsideration, nearly two years after the Objection was filed. In the Motion for Reconsideration, Deutsche Bank asks the Court to reconsider the Order because: (1) the Objection made no mention of lien avoidance and was not filed with the proposed order; (2) Deutsche Bank

6

was denied due process because the Order exceeded the scope of the Objection in that it included the lien avoidance language; and (3) the Order was never served on the Balcom Law Firm. Deutsche Bank also argues that the Court should set aside the Order because the alleged defects in the Proof of Claim can be cured and the Debtors should not get a windfall. In response, the Debtors argue that the Order should stand because the proposed order was served with the Objection and because the Balcom Law Firm received electronic notice of the Order when it was entered. The Debtors also argue that the motion should be denied because of undue delay. Finally, the Debtors argue that Deutsche Bank was served with the Amended Plan, which provided for lien avoidance if the Class 10 claim was denied.

On July 8, 2013, the Court held a hearing on the Motion for Reconsideration. At the Hearing, the Debtors' counsel testified that although he had no personal knowledge of whether the proposed order was served with the Objection, that it is his firm's practice to include the proposed order when it serves pleadings. Debtor Juli Louis testified that since the Order Granting the Objection was entered, the Debtors have spent $6,000 to $7,000 to maintain the property. She said she would not have undertaken those expenses if the bank was going to foreclose on the property. On cross-examination, Ms. Louis stated that the Debtors had collected around $6,500 in rent since the Order granting the Objection was entered. She admitted that she had not paid property taxes on the property or made payments to escrows on the property since they filed their first bankruptcy in 2009. Deutsche Bank claims that it has advanced $9,715.99 for property taxes and insurance since the filing date.

7

After the Hearing, the Court took the matter under advisement and asked the parties to file supplemental briefs. While the matter was under advisement, the UST filed a third Motion to Dismiss that asks the Court to dismiss the case because the Debtors failed to comply with the terms of the Agreed Order [Dkt No. 167].

II. **LEGAL ANALYSIS**

Our analysis begins with Section 502(j), under which: "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). Once reconsidered, the claim "may be allowed or disallowed according to the equities of the case." *Id.* Emphasizing this broad grant of authority, Bankruptcy Rule 3008 provides that in reconsidering a claim, the court "shall enter an appropriate order." FED. R. BANKR. P. 3008. This broad discretion is limited, however, by Bankruptcy Rule 9024, which provides that all matters covered by the Bankruptcy Rules are subject to the rules of finality set forth in Rule 60(b) of the Federal Rules of Civil Procedure, except that, if an order allowing or disallowing a claim is entered without a contest – the case here – the one year limitation of Rule 60(b) does not apply. FED. R. BANKR. P. 3008, FED. R. CIV. P. 60(b); *see In re Colley*, 814 F. 2d 1008, 1010 (5th Cir. 1987).

Thus, the "cause" alleged for reconsidering an order disallowing a claim must be "pertinent" to a Rule 60(b) motion. *Colley*, 814 F.2d at 1010. In its Supplemental Brief [Dkt No. 159], Deutsche Bank cites several reasons for reconsidering the Order, which amount to an appeal to general equitable considerations, but these are not "pertinent" to a Rule 60(b) motion. However, Deutsche Bank also complains about due process, which does provide a basis for setting aside a judgment. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F. 3d 204, 208 (5th Cir. 2003). Specifically, Deutsche Bank complains that the

Objection and the Order were not properly served on Deutsche Bank, and that, although the Order "canceled and released" Deutsche Bank's liens, the Objection nowhere challenged the validity, extent, or priority of that lien. The Debtors respond, in a seemingly reasonable manner, that the Objection was served on the addresses listed in the proof of claim for payment and notice.

But was Deutsche Bank afforded due process by service on the addresses listed in the proof of claim, or was Deutsche Bank also entitled to service under Bankruptcy Rule 7004? For matters that must be resolved through an adversary proceeding pursuant to Bankruptcy Rule 7001, Bankruptcy Rule 7004(b)(3) requires parties to serve a corporation by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by law to receive service of process. FED. R. BANKR. P. 7004(b)(3). Courts disagree on whether service of an objection to claim requires compliance with Bankruptcy Rule 7004. In fact, there is a split of authority in this district. *Compare In re Wilkinson*, 457 B. R. 530, 548 (Bankr. W.D. Tex 2011) (Clark, J.) (Bankruptcy Rule 7004 does not apply to claim objections), *with In re Perez*, No. 10-52146, 2011 U.S. Bankr. WL 5546959, at *1 (Bankr. W.D. Tex. Oct. 31, 2011) (King, J.) (Bankruptcy Rule 7004 applies to claim objections). The Court need not resolve this debate in this case, because the nature of the relief sought by the Debtors – avoidance of Deutsche Bank's lien – was of the type described in Bankruptcy Rule 7001;[1] therefore, service according to Bankruptcy Rule 7004 was clearly required for proper and sufficient notice.

---

[1] "An adversary proceeding [includes]: . . . a proceeding to determine the validity, priority, or extent of a lien or other interest in property . . . ." FED. R. BANKR. P. 7001(2).

Courts also disagree about whether Bankruptcy Rule 7004 requires service on a specifically named individual holding the positions specified in Rule 4(h) of the Federal Rules of Civil Procedure, or only requires the movant to direct service to the "President" or other officer. *See In re Pittman Mech. Contractors*, 180 B.R. 453, 456 (Bankr. E.D. Va. 1995). Regardless, however, serving "Home Loan Services, Inc. c/o Home Loan Services, Inc." does not comply with Bankruptcy Rule 7004. Since the objection sought lien avoidance, but was not served in accordance with Bankruptcy Rule 7004, the Order must be vacated.

The Debtor argues that the lien avoidance provision in the Amended Plan made it unnecessary to either file an adversary proceeding or, presumably, effect service in accordance with Bankruptcy Rule 7004 under *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), which upheld the discharge of a student loan in a confirmation order, even though no adversary proceeding had been filed as required by Bankruptcy Rule 7001(6). In *Espinosa*, however, the Court found that the creditor's due process rights had been satisfied by its actual notice of the filing and contents of the plan. *Id.* at 272. In this case, it is hard to see how Deutsche Bank received notice "reasonable calculated, under all the circumstances, to apprise interested parties of the . . . [legal action]" as required for due process. *Id.* at 272. First, not only was the Objection not filed as an adversary proceeding, there is absolutely no hint in the Objection that the Debtors sought to challenge the "validity, extent, or priority" of Deutsche Bank's lien. Second, although an actual person representing Deutsche Bank, Cassandra J. Richey, had cast a ballet on the plan before the Objection was served, she was not afforded a copy of the Objection. It is not clear what the Debtors "reasonably calculated" to accomplish

with their attempts at notice, but letting Deutsche Bank know that they sought to challenge the lien does not appear to have been their goal.

The Debtors also argue that the provisions of the plan itself are enough to set aside the lien. Indeed, there is some authority in the Fifth Circuit for the proposition that that notice of a plan and actual participation in the case by a secured creditor allows a lien to be avoided by a plan under section 1141(c). *In re Ahern Enters. Inc.*, 507 F. 3d 817, 822 (5th Cir. 2007). But there are also cases that suggest a lien cannot be avoided, even by a plan, absent the filing of an adversary proceeding or a claim objection that makes it clear that a challenge is being made to the "validity, extent, or priority" of the lien. See *In re Kleibrink*, 346 B.R. 734, 750-53 (Bankr. N.D. Tex. 2006), and cases cited therein.

In this case, however, the Amended Plan does not, by itself, set aside the lien. Instead, the Amended Plan makes avoidance of the lien dependent on the outcome of the claim objection by providing in section 4.10.06 that the lien will be "satisfied and released" if the claim is "denied." Since the Order is being vacated, that language in the plan is no longer operative.

There is finally the question of prejudice. Although the one-year limit in Rule 60 does not apply by virtue of Rule 9024 and the fact that the claim objection was not actually litigated, Deutsche Bank waited two years to file this motion. However, in that two-year period nothing has happened. The Debtors have made limited payments on the plan – indeed, the Debtors have enjoyed the protections of the automatic stay for three years while making limited plan distributions, and making no movement to bring this case to a conclusion without the persistent, but patient, prompting of the U.S. Trustee's office. Although the Debtors spent money maintaining the property, they also spent two

11

years collecting rent and not paying their mortgage or property taxes. Under these circumstances, it is hard to see how reconsidering the Order at this time unduly prejudices the Debtors.

### III. CONCLUSION

In conclusion, the Court holds that the Motion for Reconsideration should be GRANTED and the Order Granting the Objection to Claim should be VACATED. The Court will enter a separate order to that effect.

# # #